UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KERRY BORTH,

              Petitioner,        2:12-cv-02116-CL

          v.                    FINDINGS AND
                                   RECOMMENDATION

MARK NOOTH,

              Respondent.

CLARKE, Magistrate Judge.

      Petitioner is an inmate in the custody of the Oregon Department of Corrections (ODOC) pursuant to convictions for 20 counts of Using a Child in a Display of Sexually Explicit Conduct, nine counts of Encouraging Child Abuse in the Second Degree, one count of Sexual Abuse in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, and one count of Sexual Abuse in the Second Degree.

1 - FINDINGS AND RECOMMENDATION

At the conclusion of a bench trial, the court found petitioner guilty of the above list crimes and sentenced him to various concurrent and consecutive sentences totaling 500 months imprisonment.

The Oregon Court of Appeals affirmed petitioner's convictions without opinion and petitioner did not seek review from the Oregon Supreme Court.

Petitioner filed a Formal Petition for Post-Conviction Relief but the Malheur County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

Following the filing of petitioner's post-conviction appeal, petitioner filed a motion for reconsideration and a motion pursuant to ORCP 71 with the post-conviction trial court. The trial court denied those motions and petitioner appealed. The appeal was denied.

Petitioner filed a petition for habeas corpus relief in this court alleging eleven grounds for relief. Subsequently petitioner was allowed to amend to add an additional Ground Twelve pursuant to *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012).

Respondent contends that Grounds One and Three through Eleven should be denied because they were never "fairly presented" to Oregon's highest court and are procedurally

defaulted. Respondent contends that Ground Two should be denied because, "insofar as it was a federal claim presented to the Oregon courts," it was denied in decisions that were neither contrary to nor  unreasonable applications United States Supreme Court precedent.  Respondent contends that the amended petition (supplemental claim) petition is not timely and does not relate back to a timely filed claim.  Respondent further contends that *Martinez v. Ryan* is "inapplicable to Ground Twelve."

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

3 - FINDINGS AND RECOMMENDATION

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433

4 - FINDINGS AND RECOMMENDATION

U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9ᵗʰ Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), rev. denied 315 Or. 268 (1992).

In Grounds One and Grounds Three through Eleven petitioner alleges claims of ineffective assistance of trial

5 - FINDINGS AND RECOMMENDATION

counsel and appellate counsel.

Petitioner alleged in his post-conviction proceeding a single claim of ineffective assistance of counsel - that his trial counsel was ineffective for not adequately advising him in regard to the state's initial plea offer (Ground Two in this proceeding). None of the other claims of ineffective assistance of counsel alleged in Grounds One and Grounds Three through Eleven were raised in the Oregon courts and it is now long past time for doing so.[1] Therefore Grounds One and Grounds Three through Eleven are procedurally defaulted.

Plaintiff has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore relief on Grounds One and Grounds three through Eleven are denied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only

---

[1]

ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. *See also*, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in

7 - FINDINGS AND RECOMMENDATION

Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of

8 - FINDINGS AND RECOMMENDATION

counsel claims:

> [J]udicial scrutiny of a counsel's performance must be
> highly deferential and that every effort [must] be made
> to eliminate the distorting effects of hindsight, to
> reconstruct the circumstances of counsel's challenged
> conduct, and to evaluate the conduct from counsel's
> perspective at the time. Thus, even when a court is
> presented with an ineffective-assistance claim not
> subject to § 2254(d)(1) deference, a defendant must
> overcome the presumption that, under the circumstances,
> the challenged action might be considered sound trial
> strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims

under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to

show that the state court applied Strickland to the facts of his

case in an objectively unreasonable manner." Woodford v. Visciotti,

537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the

deference prescribed by § 2254(d) combines to require the federal

court not to evaluate the state court's determination itself, but

whether the state court's determination was unreasonable. Knowles

v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v.

Landrigan, 550 U.S. 465, 473 (2007).

As noted above, petitioner alleges in Ground Two that his

trial counsel was ineffective for failing to investigate and

present to petitioner the state's plea offer. Specifically,

throughout the state post-conviction litigation, petitioner

premised his argument on an ineffective assistance of counsel claim

9 - FINDINGS AND RECOMMENDATION

related to the state's *first* or "initial" plea offer.[2]

The state's first plea offer was made shortly after petitioner's arrest and offered petitioner a plea deal in which he would plead guilty to one count of Using a Child in a Display of Sexually Explicit Conduct (ORS 163.670) and receive a 70-month sentence under ORS 137.700 (Measure 11). Petitioner did not accept the plea offer and now claims that trial counsel failed to "investigate the particulars of Plaintiff's case and properly present a proffered plea offer."

The PCR court rejected petitioner's ineffective assistance of counsel claims as follows:

> All discovery given March 27, before 1st offer expired. Petitioner rejected all offers. Petitioner had sufficient information to make an informed decision which he now regrets.

Respondent's Exhibit 126.

Petitioner has not presented any clear and convincing evidence to controvert the PCR court findings and they are therefore presumed to be correct. 28 U.S.C. § 2254(e)(1).

In addition, for the reasons set forth below, I find that the PCR court's legal conclusion that petitioner's trial counsel was not constitutionally defective, is not contrary to, nor an unreasonable application of *Strickland*.

---

[2]Throughout the course of the proceeding there were several offers and counter-offers made between the parties. However, as discussed in his post-conviction proceeding, and as argued to the appellate courts, only the first plea offer was at issue.

The record reflects that at the time of petitioner's arraignment on March 27, 2002, petitioner's attorney Michael Levitz, was provided with discovery. Exhibit 139. Petitioner acknowledged at the post-conviction proceeding that he was informed by his attorney about the state's initial plea offer and that counsel explained it was his hope to be able to reduce the prison time required to be served under the offer. Exhibit 125, at p. 8-9.   On April 29, 2002, the offer expired without petitioner accepting the offer. Exhibit 109.    Petitioner and the state ultimately negotiated several offers and counter offers.   Exhibit 113.    However, petitioner never accepted any state offer and ultimately determined that he would go to trial.  Petitioner stated that he went to trial because he felt that the majority of the charges and responsibility for involvement was being placed on him, and he felt that there should be a more equal share of responsibility between himself and his then-girlfriend, Misty Freeman.   Trial Transcript at 753. Petitioner elected not to accept any offer by the state, even after participating in a judicial settlement conference where the judge informed petitioner that it was possible he could receive a longer sentence if he went to trial.   Exhibit 122, at p. 2.

Thus, the evidence presented to the PCR court established that petitioner's counsel *did* present the proffered plea offer, and that petitioner acknowledged as much at trial. It is also clear that trial counsel was presented with discovery and that petitioner was

aware of the considerable evidence against him including the statements of the teenage victim and her friend, as well as petitioner's then-girlfriend and co-defendant. In addition, it is clear that petitioner was aware that police had seized a significant amount of evidence stored on his personal computer and camera consisting of naked imagse of his teenage victim and images of his three-year old victim. Exhibits 110 - 112.

Petitioner has failed to establish that counsel failed to present the "initial" (or any) plea offer or failed to obtain relevant discovery to properly assess the state's plea offer. Therefore, the PCR court's finding that petitioner presented insufficient evidence of inadequate assistance of counsel or prejudice is entitled to deference and is supported by the record before the court.

After respondent filed an answer and response to petitioner's petition in this case, petitioner sought to file an amended petition alleging a claim based on *Martinez v. Ryan*. The court denied petitioner's request finding that "*Martinez v. Ryan* has no relevance to the claims of ineffective assistance of post-conviction counsel alleged in Ground Twelve in petitioner's proposed amended petition."

On September 9, 2013, petitioner filed a Motion for Leave to File an Amended Petition (#46). On September 12, 2013, the court granted petitioner's motion Order (#47) The "Amended Petition"

(supplemental claim) was docketed on September 30, 2013.

Petitioner alleges in Ground Twelve:

**GROUND TWELVE:** Post Conviction Relief Counsel was ineffective / inadequate and objectively unreasonable requiring a vacate of conviction / sentence or remand for re-sentencing to the original plea offer of 70 months with additional stated restrictions:
**Supporting facts:** PCR Counsel Michael Mahoney violated Petitioner's right to effective assistance of Post Conviction Counsel under Article I, § 11 and 20 of the Oregon Constitution and the 5th, 6th, and 14th Amendments to the United States Constitution by:
    Attorney Michael Mahoney refusing to submit evidence:
    (a) discovery hearing transcripts of May, 2002 and January 16, 2003;
    (b) specific portions of trial transcripts as requested by petitioner;
    (c) Memo from Doug Baker to Terry Rahmsdorff;
    (d) asked if petitioner was guilty of offenses and stated, "If you are I will not support perjury as the State's Attorney will ask;"
    (e) documents related to remaining claims in Petitioner's Petition for Post Conviction Relief."

Amended Petition (#48) p. 15.

Petitioner filed his initial petition for habeas corpus relief on November 11, 2012. At that time approximately 358 days had elapsed under the ADEPA's statute of limitations.[3]

_____

[3]Petitioner's direct appeal judgment was enteed on January 23, 2008. Petitioner did not seek review by the Oregon Supreme Court, and consequently did not have 90-days in which to seek *certioari* review by the U.S. Supreme Court. Petitioner filed for pos-conviction relief on January 15, 2009, thus expiring 358 days towards the one-year statute of limitations period. Petitioner's appellate judgment entered in his PCR proceeding on January 9, 2013. Petitioner did not exhaust any days between the PCR appellate judgment and the filing of his federal habeas corpus petition.

Petitioner sought leave to file his amended petition on August 13, 2013.  Between January 9, 2013 - when the appellate judgment issued in the post-conviction proceeding - and August 13, 2013 - when petitioner filed his motion to amend his habeas petition to include Ground Twelve - 216 additional days elapsed.   In total approximately 574 days elapsed prior to petitioner's motion to file the amended petition. As such, the statute of limitations expired prior to the filing of the amended petition, and the supplemental claim Ground Twelve may be considered only if it relates back to a claim contained in the original petition.

Amendments made after the statute of limitations has run relate back to the date of the original petition filing if they arise out of the same conduct, transaction or occurrence. *Mayle v. Felix*, 545 U.S. 644, 650 (2005).   Claims do not relate back, however, if they assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."   *Id.*

In this case, petitioner originally pled eleven claims of ineffective assistance of trial and appellate counsel.   In Ground Twelve petitioner alleges ineffective assistance of post-conviction counsel. As such, the allegations in Ground Twelve do not arise out of the same conduct, transaction or occurrence as the allegations in Grounds One through Eleven. Accordingly, the claim in Ground Twelve does not relate back to the filing of the original petition

14 - FINDINGS AND RECOMMENDATION

and is time barred.

The court previously determined that *Martinez v. Ryan* is inapplicable to the allegations in petitioner Ground Twelve. However in an abundance of caution and intending to give petitioner the benefit of any found and his full "day in court" the court nevertheless allowed petitioner to file the supplemental claim. The court now reiterates that *Martinez* is inapplicable to petitioner's Ground Twelve for the following reasons.

In *Martinez* the Supreme Court recognized a single, limited exception to the general rule that a post-conviction attorney's negligence does not qualify as cause to excuse a procedural default:

> Where, under state law, claims of ineffective assistance
> of trial counsel must be raised in an initial-review
> collateral proceeding, a procedural default will not bar
> a federal habeas corpus court from hearing a substantial
> claim of ineffective assistance at trial if, in the
> initial-review collateral proceeding, there was no
> counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan*, 132 S.Ct. At 1320.

This exception applies in Oregon because in Oregon PCR petitioners are required to raise their ineffective assistance of counsel claims in PCR proceedings by including them in a petition for post-conviction relief. *See, State v. Dell*, 156 Or. App 184, 188 (1998); *Leyva-Grave-De-Peralta v. Blackletter*, 232 Or. App. 441, 488 (2009). In addition, by statute, indigent PCR petitioner's are eligible for court-appointed counsel. *See*, ORS 138.590. Thus

15 - FINDINGS AND RECOMMENDATION

uin Oregon, a federal habeas corpus petitioner can potentially establish "cause" for a procedural default if PCR trial counsel was ineffective for failing to include a substantial ineffective trial counsel claim in the PCR petition.

The *Martinez* exception is inapplicable to petitioner's Ground Twelve because petitioner does not identify an ineffective assistance of trial counsel claim that post-conviction counsel failed to raise that is otherwise procedurally defaulted. In other words, petitioner has not identified a claim that post-conviction counsel should have raised but didn't; rather petitioner alleges that PCR counsel should have submitted additional *evidence* in support of the claims already in his PCR petition. "The *Martinez* exception only applies to ineffective trial counsel claims that initial collateral-review counsel failed to raise." *Howard v. DeCamp*, 3:12-cv-388-TC (D. Or. December 14, 2012); *see also*, *Martinez*, 132 S.Ct. At 1315, 1320.

Lastly, petitioner's Ground Twelve fails for the additional fundamental reason that they are not "substantial." For example, Ground Twelve (a) and (b) allege ineffective assistance of post-conviction counsel for failing to introduce portions of transcripts that submitted to the post-conviction court. *See* Trial Transcript [Tr.] at p. 2.

Those all of the resons discussed above, petitioner's Ground Twelve fails as a factual and legal matter and relief on that claim

16 - FINDINGS AND RECOMMENDATION

should be denied.

Based on all of the foregoing, petitioner's Petition (#1) and Amended Petition (#49) should be denied and the Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.    Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/ / / / /

/ / / / /

/ / / / /

17 - FINDINGS AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 2/ day of September, 2016.

Mark D. Clarke
United States Magistrate Judge